1

**ANDERSON BANTA CLARKSON PLLC**
48 NORTH MACDONALD
MESA, ARIZONA  85201
TELEPHONE (480) 788-3053
adam@abclawgroup.com

2

3

4

Adam C. Anderson/024314
Attorney for AMANDA MIX

5

6

## UNITED STATES DISTRICT COURT

7

## DISTRICT OF ARIZONA

8

## PHOENIX DIVISION

9

AMANDA MIX,                               Case No.:
On behalf of herself and
all others similarly situated             **CLASS ACTION COMPLAINT
                                          AND JURY DEMAND**

10

11

                    Plaintiff,

12

         vs.

13

MOVE, INC.

14

                    Defendant,

15

16

17

## I.  PRELIMINARY STATEMENT

18

1.      Plaintiff AMANDA MIX brings this class action against MOVE, INC.

19

(hereinafter "Defendant" or "Move"). This action is based upon Defendant's violations of

20

the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x (FCRA). Defendant systematically

21

violated the rights of consumers who applied for jobs with Defendant by failing to provide a

22

clear and conspicuous disclosure in a document that consists solely of the disclosure that a

23

consumer report may be obtained for employment purposes.

24

2.      The FCRA was enacted to ensure that consumer reporting is conducted "in a

25

manner which is fair and equitable to the consumer, with regard to the confidentiality,

1

accuracy, relevancy" and the proper use of such information.  15 U.S.C. § 1681(b).  In order to ensure that consumers are aware that reports are being generated about them, and to give consumers opportunities to review the reports and contest inaccuracies and illegalities in the report, Congress established a mandatory notification and disclosure regime.  Many of these notices and disclosures are specifically designed to govern job applicants whose prospective employers perform background screening. Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users" of "consumer reports" such as Move. This action involves the systematic violation of those important rules.

## II.  JURISDICTION AND VENUE

3.      Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

4.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

5.      Plaintiff AMANDA MIX is an adult individual who resides in Scottsdale, Arizona.

6.      Move, Inc., is a corporation that claims to be a leader in online real estate support wherein it owns and maintains a network of websites that provide resources for both consumers and real estate professionals for the entire home purchasing cycle. According to its marketing representations, the Move Network of websites captures more than 20 million monthly visitors, and consumers spend more than 410 million minutes per month on its websites. It maintains its corporate headquarters at 10 Almaden Blvd., San Jose, California 95113.   At all times relevant hereto, Defendant was doing business throughout the United States, including in the State of Arizona.

7.      Move is a "person" which uses "consumer reports" to make "employment decisions" and take "adverse action" against "consumers," as those terms are defined by 15 U.S.C. § 1681a.

2

8.    Move is also a "person" which uses "consumer credit reports" for "employment purposes" to take "adverse action" against "consumers," as those terms are defined by CAL. CIV. CODE § 1785.3.

## IV.  FACTUAL ALLEGATIONS

9.    On or about October 9, 2014, Plaintiff applied for employment with Move, Inc.; Plaintiff sought a position within one of Move's networks, Realtor.com.

10.   Plaintiff applied for employment by sending in a resume and a request for a position via regular mail.

11.   In response to her application, Move invited Plaintiff to complete an online application form.

12.   On or about October 9, 2014, Plaintiff completed and submitted the online application questionnaire.

13.   As part of the application questionnaire, Plaintiff was to electronically sign at the end of it.

14.   Above the signature contained a statement that read:

"I certify that all the information submitted by me on this application is true and complete, and I understand that if any false information, omissions, or misrepresentations are discovered, my application may be rejected, and if I am employed, my employment may be terminated at any time.   In consideration of my employment, I agree to conform to the company's rules and regulations and to sign any additional documents as may be requested by the company to evidence my agreement, and I agree that my employment and compensation can be terminated, with or without cause, and with or without notice, at any time, at either my or the company's option.  I hereby authorize the company to investigate my references, work record, education and other matters related to my suitability for employment.  I release the company, its employees, and agents, my former employers and all other persons corporations, partnerships and associations from any and all claims, demands or liabilities arising out of or in any way related to such investigation or disclosure.  I also understand and agree that the terms and conditions of my employment may be changed, with or without cause, and with or without notice at any time by the company in its sole discretion.  I understand that no company representative, other than its' CEO and its' EFV or HR, and then only when in writing and signed by the CEO and the EVP of HR, has any

authority to enter into any agreement for employment for any specific period of time, or to make any agreement contrary to the foregoing."

15.     After Plaintiff completed the application documents, Defendant invited Plaintiff for an interview, and on October 14, 2014, Plaintiff had an in-person interview with Defendant.

16.     On or about October 17, 2014, Move, Inc., ordered a consumer report concerning Plaintiff from Employee Relations, Inc. (ERI).

17.     Move maintains a contract with ERI whereby Move regularly purchases consumer reports for "employment purposes" as defined by 15 U.S.C. § 1681a(d)(1)(b).

18.     Move routinely obtains and uses consumer reports, including background reports, on job applicants as part of a standard screening process.

19.     Move does not perform these background checks in-house.  Rather, Move obtains and uses consumer reports purchased from consumer credit reporting agencies, such as ERI.

20.     By procuring a consumer report for employment purposes without first providing Plaintiff and other class members with a clear and conspicuous disclosure in writing, before the report is procured, in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes, Defendant willfully and negligently violated the FCRA Section 1681b(b)(2)(A).

21.     Move's conduct is a result of its deliberate policies and practices, and was taken in reckless disregard for consumers' rights under the FCRA.

22.     Move was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Move.

## V.  CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of the following Class:

All persons residing at an address within the United States and its Territories who, beginning two (2) years prior to the filing of this

4

Complaint and continuing through the conclusion of this action, (i) applied to Defendant for employment purposes, (ii) were the subject a consumer report procured by or on behalf of Defendant for purposes of potential employment of the consumer, (iii) that were not given clear and conspicuous disclosure in a writing consisting solely of the disclosure that a consumer report may be obtained for employment purposes, prior to the procurement of the report.

24.     The classes are so numerous that joinder of all members is impracticable. Plaintiff avers upon information and belief that the classes number in the thousands. Move employs over 900 employees. Move regularly obtains and uses information in consumer reports to conduct background checks on prospective and current employees and relies on such information, in whole or in part, as a basis for adverse action. Information concerning the exact size of the classes is within the exclusive possession of Move.

25.     There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The principal questions concern whether the Defendant violated the FCRA by failing to provide proper notice of intent to obtain consumer reports for employment purposes and failing to provide copies of such reports prior to taking adverse action against consumers who were subject of the reports, and whether Defendant acted willfully in violating the FCRA.

26.     Plaintiff's claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories. Move typically uses consumer reports to conduct background checks on current and prospective employees. Move does not provide written notice to containing the elements required by FCRA Section 1681b(b)(2)(A) prior to obtaining these background checks, and does not provide copies of consumer reports to current and prospective employees before taking adverse action based on such reports.

27.     Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel

has any interests which might cause them not to vigorously pursue this claim.

28.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

29.     Whether Defendant violated the FCRA can be determined by Defendant's policies and a ministerial inspection of Defendant's business records.

30.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Management of the class claims is likely to present significantly fewer difficulties than those presented in many individual claims.  The identities of the class members may be derived from Defendant's records.

## COUNT I- CLASS CLAIM

## VIOLATION OF THE FCRA § 1681b(b)(2)(A)

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     Plaintiff is a consumer as that term is defined by 15 U.S.C. 1681a(c).

33.     The above-mentioned background reports were "consumer reports" as that term is defined by 15 U.S.C. 1681a(d).

34.     Pursuant to the FCRA §1681b(b)(2)(A) Defendant is liable to Plaintiff and the class for failing to provide written disclosure, prior to obtaining consumer credit reports for employment purposes, on a form that is clear and conspicuous and consists solely of said disclosure.

WHEREFORE, Plaintiff respectfully prays for an order certifying the proposed class and appointing Plaintiff and her counsel to represent the class; for judgment in favor

of Plaintiff and the class against Defendant Move for actual damages; for punitive damages of $100 to $1,000 per class member per violation of the FCRA; for injunctive relief; for costs and attorney's fees; and for such other and further relief as the Court may deem proper.

## VI.  JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues.


Dated: March 2, 2015

ANDERSON BANTA CLARKSON PLLC



By_____/s Adam C. Anderson_____
        Adam C. Anderson
        48 North MacDonald Street
        Mesa, AZ  85201
        Attorney for AMANDA MIX